## WHITE vs. BERRY, Auditor.

PROSECUTING ATTORNEYS:    *When appointed pro tem., how paid.*

The salaries of prosecuting attorneys are entirely under the control of the legislature, and under the act of March 27, 1871, the auditor is authorized, in settlement of the same, to deduct any amount that may have been paid a prosecuting attorney *pro tem.* for the same district.

PETITION for *Mandamus.*
*U. M. Rose,* for petitioner.

SEARLE, J.    This is a petition for a writ of *mandamus,* and alleges the following facts:    That the petitioner was prosecuting attorney for the tenth judicial circuit, during the years 1871 and 1872, and up to the filing of this petition; that before the filing of this petition he presented his account to James R. Berry, as auditor of the state of Arkansas, for his salary for the quarter ending the 30th of September, 1871, due

him by law, and that said auditor refused, on such demand, to issue his warrants for said quarter for more than the sum of two hundred dollars, thus leaving due the petitioner the sum of one hundred dollars; and the petitioner closes with a prayer that this court will issue its writ of *mandamus* to the said auditor, commanding him to issue his warrant on the treasurer of the state of Arkansas for the said sum of money so claimed to be due the petitioner.

The auditor responded, admitting the facts as alleged in the petition, and alleging, by way of avoidance, the following facts: That on the 8th of September, 1871, W. S. McCain presented to him as auditor, etc., the official certificate of Hon. H. B. Morse, the judge of the circuit courts of said judicial circuit, setting forth that the said McCain had performed the duties of prosecuting attorney, by special appointment, for one term of one of the circuit courts of said circuit, during said quarter ending September 30, 1871; that said certificate was in due form of law, and showed that the said McCain presenting the same was entitled to the sum of one hundred dollars for his services as prosecuting attorney *pro tem.*, and that thereupon respondent, as auditor, etc., issued to the said McCain his warrant on the treasury of the state for the sum of one hundred dollars, etc.; that afterwards, on settlement with said petitioner as prosecuting attorney of said circuit, respondent deducted from the salary of the petitioner for the said quarter ending the 30th of September, 1871, the sum of one hundred dollars, for which a warrant had been drawn in favor of McCain, and issued to the petitioner his warrant only for the balance of the salary due him, to wit, two hundred dollars, etc.

From the petition and response it appears that two other deductions were made in a similar manner by the auditor, in his settlements with the petitioner.

To this response petitioner interposed a general demurrer. The demurrer, being a concession of the facts as pleaded in the response, merely questions their legal sufficiency as a defense to the action. As to the legal sufficiency of these facts to constitute a defense, there can be no two opinions. The matter of salary of prosecuting attorneys is entirely under the control of the legislature, and may be diminished at the pleasure thereof. The conduct of the auditor in deducting the amount paid the special prosecuting attorneys from the salary due the prosecuting attorney, in his settlement with the latter, was in strict obedience to section one of the appropriation act of the general assembly, approved March 27, 1871. See p. 39, Acts of 1871.

The demurrer, therefore, is not well taken, and must be overruled. The petitioner failing to plead further, the writ must be denied.